[Civ. No. 15099.  Second Dist., Div. One.  July 9, 1946.]

ELIZABETH KERR, Appellant, v. BULLOCK'S INC.
(a Corporation), Respondent.

Lyons & Lyons, David Lyons and Harry Lyons for Appellant.

Crider, Runkle & Tilson and E. H. Tilson for Respondent.

DORAN, J.—This is an action for damages for personal injuries. The court granted defendant's motion for a nonsuit and from the judgment that followed, plaintiff appeals.

The action was tried before a jury; at the close of plaintiff's case following the motion for a nonsuit and in connection therewith, the trial court commented as follows, ''Well, ladies and gentlemen of the jury, I have saved you some work, that is, I ought to grant a nonsuit in this case after listening to argument.  I felt convinced—I may be wrong, but I think I am right,—that there was contributory negligence and that the plaintiff walked into the spot knowing it was there—seeing it, into a place of danger; secondly, that there was no showing that the defendant was negligent.

"So you won't have to decide the case; I will have to grant a nonsuit, and I will have to discharge the jury."

The facts are not disputed; the injuries resulted from an accident, appellant's description of which is as follows,

"On the 30th day of December, 1943, appellant arrived at respondent's store at about 10:15 o'clock a. m., and entered the Hill Street building. It had been raining since she had left her home some 45 to 50 minutes previously and continued raining until she arrived at the store. She first visited the men's department with her son, remained there about a half hour or more while he purchased a suit and then left him after making arrangements to meet her son later on the ground floor where the cosmetics were or at the Hill Street entrance. She went to the fourth floor, then examined merchandise on the third floor and then came down to the main floor, passing through a covered ramp to the Broadway building. She proceeded in an easterly direction along a main aisle until it intersected with another aisle running in a northerly and southerly direction and leading to the Seventh Street entrance, and arrived there at about 11:30 o'clock a. m. She turned to her right down the intersecting aisle to the cosmetic counter where she made a purchase. Upon completing her purchase she was proceeding southerly along the Seventh Street entrance aisle toward the bag counter and looking at merchandise on display when she slipped in water and mud that people had brought in on their shoes and which defendant had allowed to gather and remain upon said aisle so as to make it dangerous and slippery causing her to fall."

It is contended by appellant that a prima facie case having been established, it was error to grant a motion for a nonsuit.

Respondent, on the other hand, argues that "The defendant was only required to use ordinary care to keep its premises in a reasonably safe condition" and that, "The Court Is Justified in Granting a Judgment of Nonsuit When the Evidence Is Insufficient to Sustain a Judgment for Plaintiff and Where it Clearly Appears That the Danger, If Any, Which Existed Was an Open and Obvious Danger."

It appears from the record that plaintiff knew of the wet and slippery condition of the floor before the accident occurred. For example, in plaintiff's testimony appears the following,

" 'Q. When you saw that the floor was wet and dirty, what,

if anything, did you do about that? A. I did nothing about it, only walked carefully across it.

" 'Q. I mean did you walk more carefully than you normally would? A. Yes, I did.

" 'And how far had you walked in feet, approximately, on this wet or dirty floor before you fell? A. Yes, I walked across the aisle; it was all wet.' "

And on cross-examination,

" 'Q. When you say that you were walking more carefully than you normally would, just what were you doing as you crossed the floor, knowing that it was wet? A. As I said before, I walked carefully across the aisle; I was going to a certain counter further down than the one where I fell, to get a bag, but I did not reach it; I fell where I marked on the map.' "

It should be emphasized at the outset that this is not an appeal from the judgment after a verdict, and the usual question as to whether the evidence is sufficient to support the verdict or in the absence of a jury, whether the evidence is sufficient to support the findings, is not involved. Issues of negligence, contributory negligence, want of ordinary care and the like, present questions of fact and are for the jury's determination. A motion for a nonsuit presents a question of law. The decisions uniformly hold, in effect, that a total lack of substantial evidence to support plaintiff's cause of action, imposes upon the court the duty, as a matter of law, to grant the motion. To the contrary, if there is substantial evidence, although slight, that may afford opportunity for a reasonable difference of opinion, then it becomes the court's duty to deny the motion and permit the question of fact to be determined under rules of law applicable to the determination of such questions. And in connection with a motion for a nonsuit all of the evidence may not be weighed; inconsistencies must be ignored, and only the evidence favorable to plaintiff may be considered.

That it was error for the trial court to grant the motion, in the circumstances there can be no question. The fact that plaintiff observed the alleged dangerous condition, it is true, might have been regarded by the jury as sufficient evidence of negligence on the part of plaintiff to foreclose a recovery. On the other hand, the fact that the accident occurred despite plaintiff's knowledge of such condition, might have been

regarded by the jury as evidence of a more aggravated condition than the use of ordinary care would sanction.

The judgment is reversed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied July 26, 1946, and respondent's petition for a hearing by the Supreme Court was denied September 5, 1946. Edmonds, J., Schauer, J., and Spence, J., voted for a hearing.